**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eliud CRUZ–GONZALEZ, Defendant–Appellant.**

**No. 04–50913.**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided June 22, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Suite B–207, Philip J. Lynch, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Eliud Cruz–Gonzalez pleaded guilty to an indictment charging him with illegal reentry following deportation. Cruz was sentenced to an 84–month term of imprisonment and to a three-year period of supervised release. Cruz has appealed his sentence.

Cruz contends for the first time on appeal that, under *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court erred by imposing sentence under mandatory sentencing guidelines. We review this issue for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir. 2005). Cruz has not carried his burden of showing that his substantial rights were affected. *See United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Cruz contends that, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence violated due process because it exceeded the maximum imprisonment and supervised-release terms for the offense charged in the indictment. Cruz concedes that this issue is foreclosed under *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He raises the issue to preserve it for further review. The judgment is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.